UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TRUSTEES OF THE NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS
PENSION FUND, WELFARE FUND, ANNUITY
FUND, and APPRENTICESHIP, JOURNEYMAN
RETRAINING, EDUCATIONAL AND
INDUSTRY FUND, TRUSTEES OF THE NEW
YORK CITY CARPENTERS RELIEF AND
CHARITY FUND, and THE CARPENTER
CONTRACTOR ALLIANCE OF
METROPOLITAN NEW YORK,

                Petitioners,

-against-

PETTA CONTRACTING INC.,

                Respondent.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _4/6/2023_

22 Civ. 7268 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    On November 1, 2022, Petitioners filed a motion for summary judgment. ECF No. 14. On January 11, 2023, Petitioners moved for entry of default against Respondent, Petta Contracting Inc. ECF No. 21. That same day, the Clerk of Court entered a certificate of default. ECF No. 23. On January 24, 2023, Petitioners filed a proposed order to show cause, ECF No. 24, a statement of damages, ECF No. 28, and a proposed default judgment, ECF Nos. 29–30. On January 25, 2023, the Court issued an order to show cause why default judgment should not be entered. ECF No. 31. On March 1, 2023, Respondent appeared in this action. ECF No. 33. On the same day, Respondent filed a document styled as an opposition to Petitioners' motion for summary judgment, but which, in substance, is a motion to set aside the entry of default under Federal Rule of Civil Procedure 55(c). ECF No. 36.

    In the absence of a Rule 55(c) motion, the Court may treat opposition to a motion for default judgment as a motion to set aside the entry of default. *Meehan v. Snow*, 652 F.2d 274, 275–276 (2d Cir. 1981) (per curiam) (citing *Broder v. Charles Pfizer & Co.*, 54 F.R.D. 583 (S.D.N.Y. 1971) and *Albert Levine Assocs, Inc. v. Kershner*, 45 F.R.D. 450, 451 (S.D.N.Y. 1968)). The Court shall, therefore, treat Respondent's opposition brief as a motion to set aside the entry of default.

    The Court had previously scheduled a hearing on Petitioners' order to show cause why default judgment should not be entered. *See* ECF Nos. 31, 38. However, in light of Respondent's motion to set aside default, the hearing scheduled for May 2, 2023, is ADJOURNED *sine die*. Additionally, Petitioners' motion for summary judgment is DENIED without prejudice to renewal. Petitioners may renew their motion for default judgment if entry of default is not set aside. Petitioners may renew

their motion for summary judgment if default is set aside.  By **April 19, 2023**, Petitioners shall respond to Respondent's motion to set aside default.

    The Clerk of Court is directed to terminate the motion at ECF No. 14.

    SO ORDERED.

Dated: April 6, 2023
       New York, New York

_____
ANALISA TORRES
United States District Judge